# UNITED STATES DISTRICT COURT
# DISTRICT OF MARYLAND

**Chambers of**
**Douglas R. Miller**
**United States Magistrate Judge**

**101 West Lombard Street**
**Baltimore, Maryland 21201**
**MDD_DRMChambers@mdd.uscourts.gov**
**(410) 962-7770**

February 23, 2026

LETTER TO ALL COUNSEL OF RECORD

Re:     *Katherine P. v. Frank Bisignano, Commissioner, Social Security Administration*[1]
         Civil No. 25-0377-DRM

Dear Counsel:

On February 6, 2025, Plaintiff Katherine P. ("Plaintiff") petitioned this Court to review the Social Security Administration's ("SSA's" or "Commissioner's" or "Defendant's") final decision to deny Plaintiff's claim for Social Security benefits. ECF No. 1. This case was then referred to me with the parties' consent. *See* 28 U.S.C. § 636; Loc. R. 301. I have considered the record in this case and the parties' briefs. ECF Nos. 10, 14, 17, 19. I find that no hearing is necessary. *See* Loc. R. 105.6. The Court must uphold the decision of the SSA if it is supported by substantial evidence and if the SSA employed proper legal standards. *See* 42 U.S.C. §§ 405(g), 1383(c)(3); *Craig v. Chater*, 76 F.3d 585, 589 (4th Cir. 1996). Under that standard, I will REMAND the Commissioner's decision. This letter explains why.

## I.     PROCEDURAL BACKGROUND

Plaintiff filed applications for Disability Insurance Benefits ("DIB") under Title II and Supplemental Security Income ("SSI") under Title XVI on September 29, 2016, alleging disability beginning January 13, 2016. Tr. 278–79. The Social Security Administration denied Plaintiff's claims initially and upon reconsideration. Tr. 142–46. An Administrative Law Judge ("ALJ") held a hearing on April 22, 2019, and subsequently determined on May 6, 2019, that Plaintiff was not disabled within the meaning of the Social Security Act[2] during the relevant period. Tr. 154–71. Plaintiff sought review of the ALJ's decision on July 2, 2019, and the Appeals Council affirmed on March 15, 2021. Tr. 87–90. Plaintiff thereafter sought judicial review, and on October 28, 2022, this Court remanded the case for further administrative proceedings. Tr. 82–85. On remand, the ALJ conducted a second hearing on November 7, 2024, and again denied Plaintiff's claims for

---

[1] Plaintiff filed this case against Michelle King, the Acting Commissioner of Social Security on February 6, 2025. ECF No. 1. Frank Bisignano became the Commissioner of Social Security on May 7, 2025. Accordingly, Commissioner Bisignano has been substituted as this case's Defendant pursuant to Federal Rule of Civil Procedure 25(d). *See* Fed. R. Civ. P. 25(d).

[2] 42 U.S.C. §§ 301 et seq.

*Katherine P. v. Bisignano*
Civil No. 25-0377-DRM
February 23, 2026
Page 2

DIB and SSI on December 5, 2024. Tr. 1–27. Plaintiff subsequently filed the present action seeking judicial review.

## II.    THE ALJ'S DECISION

Under the Social Security Act, disability is defined as the "inability to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than 12 months[.]" 42 U.S.C. § 423(d)(1)(A); 20 C.F.R. §§ 404.1505(a), 416.905(a). The ALJ is required to evaluate a claimant's disability determination using a five-step sequential evaluation process. *See* 20 C.F.R. §§ 404.1520, 416.920. "Under this process, an ALJ evaluates, in sequence, whether the claimant: '(1) worked during the alleged period of disability; (2) had a severe impairment; (3) had an impairment that met or equaled the requirements of a listed impairment; (4) could return to [their] past relevant work; and (5) if not, could perform any other work in the national economy.'" *Kiser v. Saul*, 821 F. App'x 211, 212 (4th Cir. 2020) (citation omitted) (quoting *Hancock v. Astrue*, 667 F.3d 470, 472 (4th Cir. 2012)).

Here, at step one, the ALJ determined that Plaintiff had "not engaged in substantial gainful activity since January 13, 2016, the alleged onset date." Tr. 7. At step two, the ALJ found that Plaintiff suffered from the severe impairments of "depressive, bipolar, and related disorders; anxiety and obsessive-compulsive disorders; neurodevelopmental disorder; and substance addiction disorder (opioids)." Tr. 7. At step three, the ALJ determined that Plaintiff "does not have an impairment or combination of impairments that meets or medically equals the severity of one of the listed impairments in 20 CFR Part 404, Subpart P, Appendix 1." Tr. 8-10. The ALJ also determined that Plaintiff retained the residual functional capacity ("RFC") to:

> perform light work as defined in 20 CFR 404.1567(b) and 416.967(b) except for the following limitations: no climbing ladders, ropes, or scaffolds; no more than occasional climbing ramps or stairs; no more than occasional balancing, stooping crouching, kneeling, and crawling; avoidance of moderate or occasional exposure to any hazards such as dangerous moving machinery and unprotected heights; capable of understanding, remembering, and carrying out simple instructions; capable of simple decision-making; no more than occasional changes in the routine or work setting; no fast-paced production requirements such as fast-paced assembly line work or high volume piecemeal quotas; no more than occasional interaction with the general public, co-workers, and supervisors; no more than frequent handling with the bilateral upper extremities; and necessary affordance of an opportunity for brief, 1-2 minutes changes of positions at intervals not to exceed 30 minutes without being off-task.

Tr. 10. The ALJ determined that Plaintiff had no past relevant work but could perform jobs that existed in significant numbers in the national economy, such as marker and router. Tr. 19. Therefore, the ALJ concluded that Plaintiff was not disabled. Tr. 19.

*Katherine P. v. Bisignano*
Civil No. 25-0377-DRM
February 23, 2026
Page 3

### III.   <u>LEGAL STANDARD</u>

The scope of the Court's review is limited to determining whether substantial evidence supports the ALJ's factual findings and whether the decision was reached through the application of the correct legal standards. *See Coffman v. Bowen*, 829 F.2d 514, 517 (4th Cir. 1987). "The findings of the [ALJ] . . . as to any fact, if supported by substantial evidence, shall be conclusive . . . ." 42 U.S.C. § 405(g). Substantial evidence is "evidence which a reasoning mind would accept as sufficient to support a particular conclusion." *Laws v. Celebrezze*, 368 F.2d 640, 642 (4th Cir. 1966). It is "more than a mere scintilla but may be somewhat less than a preponderance." *Id.* In conducting the "substantial evidence" inquiry, my review is limited to whether the ALJ analyzed the relevant evidence and sufficiently explained their findings and rationale in crediting the evidence. *See, e.g.*, *Sterling Smokeless Coal Co. v. Akers*, 131 F.3d 438, 439–40 (4th Cir. 1997); *DeLoatche v. Heckler*, 715 F.2d 148, 150 (4th Cir. 1983) ("Judicial review of an administrative decision is impossible without an adequate explanation of that decision by the [ALJ].").

### IV.   <u>ANALYSIS</u>

On appeal, Plaintiff argues that the ALJ's finding is not supported by substantial evidence because the RFC limitation to work without "fast-paced production requirements such as fast-paced assembly line work or high volume piecemeal quotas" is vague and inadequately defined for the vocational expert. ECF No. 14 at 13. Plaintiff also argues that the ALJ improperly evaluated fibromyalgia under SSR 12-2p and failed to comply with the Appeals Council's remand instructions and that the Court should remand for further review. *Id.* at 8.

In response, the Commissioner argues that substantial evidence supports the ALJ's residual functional capacity determination, including the limitation to no fast-paced production requirements. ECF No. 17 at 10. The Commissioner contends that the ALJ adequately defined Plaintiff's mental and functional limitations, reasonably evaluated the medical and opinion evidence, and properly relied on vocational testimony in finding that Plaintiff could perform work existing in significant numbers in the national economy. *Id.* at 14. The Commissioner maintains that Plaintiff's arguments reflect an improper request to reweigh the evidence and requests affirmance of the agency's decision. *Id.* at 9.

Courts look "to an existing administrative record and [ask] whether it contains 'sufficient evidence' to support the agency's factual determinations" when reviewing for substantial evidence. *Trena Sue Y. v. Kijakazi*, No. DLB-20-1075, 2021 WL 4034264, at *2 (D. Md. Sept. 3, 2021) (citing *Biestek v. Berryhill*, 139 S. Ct. 1148, 1154 (2019) (internal citation omitted)). Agency conclusions must be stated in terms the Court can understand for the Court to conduct substantial evidence review. "Whether the alleged ambiguity arose in the RFC assessment or the hypothetical is a distinction without a difference because the ALJ used the same term in the hypothetical and in the RFC discussion." *Trena Sue Y.* 2021 WL 4034264, at *3; *see Ursula G. v. Berryhill*, No. SAG-18-1841, 2019 WL 2233978, at *2 (D. Md. May 23, 2019) (noting a "deficient RFC assessment would also infect the hypothetical based on that assessment.") It is the Court's "independent duty to determine if the ALJ supported her findings with substantial evidence." *Geneva W. v. Comm'r,*

Katherine P. v. Bisignano
Civil No. 25-0377-DRM
February 23, 2026
Page 4

*Soc. Sec. Admin.*, No. SAG-18-1812, 2019 WL 3254533, at *3 (D. Md. July 19, 2019) (citing 42 U.S.C. § 405(g)).

In *Thomas v. Berryhill*, 916 F.3d 307 (4th Cir. 2019), the Fourth Circuit found that an ALJ's RFC limitation excluding work that "require[d] a production rate or demand pace" prevented meaningful judicial review because the ALJ failed to explain what those phrases meant. With "production rate" and "demand pace" left undefined, the court concluded that it was "difficult, if not impossible" to determine whether the RFC finding was supported by substantial evidence. Without deciding whether the RFC itself was substantively correct, the court remanded for "a clearer window into" the ALJ's reasoning. *Thomas*, 916 F.3d at 312 n.5. The panel emphasized that, on remand, the ALJ must clarify how long and under what conditions the claimant could sustain focus and remain on task. *Id.* And although Thomas identified other grounds for remand, later Fourth Circuit decisions relied solely on the failure to define ambiguous RFC terms as sufficient justification for reversal. In *Trena Sue*, the court likened the use of the phrase "fast paced produced" to the terms in *Thomas*, both in "form and defect." *Trena Sue*, 2021 WL 4034264 at *4.

Here, like in *Trena Sue* and *Thomas*, the ALJ's use of the terms "fast-paced production" and "fast-paced assembly line work or high-volume piecemeal quotas" does not provide sufficient information for the Court to discern the intended meaning of the limitation, making it effectively impossible to evaluate whether the decision is supported by substantial evidence. *See Trena Sue*, 2021 WL 4034264 at *4; *Thomas*, 916 F.3d at 311–12.

In *Linger v. Comm'r of Soc. Sec.*, No. 22-2192, 2025 WL 40548, at *5 (4th Cir. Jan. 7, 2025), the Fourth Circuit considered a formulation, "no fast paced production requirements such as assembly line work or piecemeal quotas," very similar to the one at issue here. The court found that while "assembly line work" and "piecemeal quotas" were "some examples" that the ALJ provided of "fast paced production requirements," "there remains uncertainty as to the intended scope of the limitation, and such uncertainty precludes meaningful review as to whether there is a logical bridge between the evidence in the record and the ALJ's conclusion." *Id* at *5 (citing *Perry v. Berryhill*, 765 F. App'x 869, 872 (4th Cir. 2019) (finding the ALJ failed to offer a definition for his RFC determination of "non-production oriented work setting" and that "[a]s a result, we remain uncertain as to what the ALJ intended ... and cannot meaningfully assess whether there is a logical bridge between the evidence in the record and the ALJ's conclusion") (internal quotation marks omitted)).

Just as in *Linger*, the RFC term in this case, "no fast-paced production requirements," and the similar examples given, "such as fast-paced assembly line work or high-volume piecemeal quotas," are ambiguous. The added descriptors "fast-paced" and "high volume" do not cure the ambiguity, because these are purely relative terms. The rest of the decision provides no clarification as to the scope of the limitation or how it relates to the evidence of record. Without such context, the Court cannot discern the intended scope of the limitation or meaningfully evaluate whether the VE's testimony reliably supports the ALJ's step-five finding, mirroring the deficiencies identified in *Thomas* and *Linger*. Remand is therefore appropriate.

*Katherine P. v. Bisignano*
Civil No. 25-0377-DRM
February 23, 2026
Page 5

Because the case is being remanded on the grounds described above, I need not address other arguments that appear in Plaintiff's brief. On remand, the ALJ is welcome to consider these arguments and make any required adjustments to the opinion. Additionally, in remanding for further explanation, the Court expresses no opinion as to whether the ALJ's conclusion that Plaintiff is not entitled to benefits is correct.

V.    **CONCLUSION**

For the reasons set forth herein, pursuant to sentence four of 42 U.S.C. § 405(g), the SSA's judgment is REMANDED.

Despite the informal nature of this letter, it should be docketed as a Memorandum Opinion. A separate implementing Order follows.

Sincerely,

/s/

Douglas R. Miller
United States Magistrate Judge